**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

DENNIS HAGY, et al.,

                Plaintiffs,

v.                                       CIVIL ACTION NO.  2:10-cv-01372

EQUITABLE PRODUCTION CO., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Motion for Partial Dismissal of the Plaintiffs' Complaint [Docket 11] filed by the defendant, Halliburton Energy Services, Inc. ("Halliburton").  For the reasons provided below, this motion is **GRANTED** in part and **DENIED** in part.

**I.       Background**

This suit involves the plaintiffs' allegations that the defendants contaminated their home water supply by drilling four natural gas wells near the plaintiffs' property in Jackson County, West Virginia.  The plaintiffs allege that these gas wells were owned by the defendant, Equitable Production Company ("Equitable") and operated by Equitable as well as three other defendants, including Halliburton, which operated one of the wells at issue.  The plaintiffs allege that they notified Equitable of a strange odor and smell in their water in October 2008.  On November 13, 2008, "an agent" of [Equitable] informed the Plaintiff to stop drinking the water from his well." (Compl. ¶ 16.)  The plaintiffs further allege that they have been exposed to hazardous chemicals and suffered illness as a result of the defendants' conduct.

On October 26, 2010, the plaintiffs filed suit in the Circuit Court of Jackson County, West Virginia, naming Equitable, Warren Drilling Company, BJ Services Company, USA, and Halliburton as defendants.  The Complaint alleges five causes of action: (1) negligence, (2) private nuisance, (3) strict liability, (4) trespass, and (5) medical monitoring.  On December 10, 2010, the defendant Warren removed the case to this court on the grounds of complete diversity of citizenship between the parties under 28 U.S.C. § 1332.  The defendant Halliburton then filed the instant Motion for Partial Dismissal of the Plaintiffs' Complaint, which is now ripe for review.[1]

## II.     Motion to Dismiss Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading.  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  As the Supreme Court recently reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'"  __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a

---

[1] More than one month after Halliburton moved for a partial dismissal of the Complaint, the plaintiffs filed an untimely Response to Halliburton's Motion for Partial Dismissal [Docket 17], accompanied by a Motion for Leave to File Response to Halliburton's Motion for Partial Dismissal [Docket 19].  Because my opinion today relies solely on the plaintiffs' Complaint, I need not consider any arguments raised by the plaintiffs' untimely response.  Accordingly, the plaintiffs' Motion for Leave to File a Response [Docket 19] is **DENIED**.  Halliburton's Motion to Strike Plaintiffs' Response [Docket 18] is **DENIED** as moot.

motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'").  A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements.  *Iqbal*, 129 S. Ct. at 1949-50.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570).

To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable.  *Id.*  In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  A complaint must contain enough facts to "nudge[] [a] claim cross the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

## III.   Analysis

Before addressing Halliburton's claim-specific arguments, I turn first to Halliburton's general argument that the plaintiffs' Complaint should be dismissed because it fails to specify the particular defendant(s) in each claim.  To the extent that the Complaint makes allegations against "the defendants" without further specification, the court will simply read the claims as against each and every defendant and consider  whether the plaintiffs have adequately stated a claim upon which relief can be granted under Rules 8 and 12 of the Federal Rules of Civil Procedure.  It is undisputed that Halliburton conducted drilling operations at one of the wells at issue in this case and the plaintiffs contend that all four wells were operated improperly by the various defendants.  Halliburton has not

cited any authority for the proposition that a plaintiff must specifically list out individual defendants with regard to each claim, particularly where, as here, the Complaint can plausibly be read to allege that any or all of the defendants could have operated any of the wells improperly.

### A.    Count One - Negligence

Halliburton asserts that the plaintiffs have failed to state a negligence claim because the plaintiffs cannot base their negligence claim on purported violations of state or federal statutes. The plaintiffs' negligence claim, however, makes no mention of alleged violations of state or federal statutes. Rather, the plaintiffs assert that the defendants owed the plaintiffs a duty of care to operate wells in a safe manner, that the defendants breached this duty of care by failing to take reasonable precautions to prevent the spill or release of gases and hazardous chemicals, and that this breach of duty caused harm to the plaintiffs by contaminating their water supply. (Compl. ¶¶ 21-35.)

Under West Virginia law, "[t]o prevail in a negligence suit, the plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff." *Strahin v. Cleavenger*, 603 S.E.2d 197, 205 (W. Va. 2004). "Consequently, the threshold question in all actions in negligence is whether a duty was owed." *Id.* Halliburton conducted drilling operations at one of the wells in close proximity to the plaintiffs' property. Based on this fact, and the plaintiffs' allegation that Halliburton contributed to the release of hazardous substances which contaminated the plaintiffs' property, I **FIND** that the plaintiffs have pled facts that could plausibly give rise to a negligence claim against Halliburton. Accordingly, Halliburton's Motion to Dismiss is **DENIED** with respect to the plaintiffs' negligence claim.

### B.    Count Two - Private Nuisance

-4-

Halliburton next contends that the plaintiffs have failed to state a private nuisance claim because they have failed to make particularized allegations with respect to Halliburton's conduct constituting a private nuisance. The plaintiffs assert that the defendants caused a "substantial and unreasonable interference" with the plaintiffs' right to use and enjoy their property "by allowing the spills and releases and/or the threats of spills and releases, of hazardous chemicals and allowing the spills and releases to continue to spread to surrounding areas, including Plaintiff's [sic] properties and drinking water supplies." (Compl. ¶¶ 36-40.)

"A private nuisance is a substantial and unreasonable interference with the private use and enjoyment of another's land." *Rhodes v. E.I. duPont de Nemours and Co.*, 657 F. Supp. 2d 751, 767 (S.D. W. Va. 2009) (internal quotation marks omitted). "In West Virginia, conduct causing water pollution constitutes a private nuisance when the pollution interferes with the rights of landowners whose land abuts the polluted water." *Id.* In the present case, the plaintiffs have alleged that the defendants' conduct polluted the plaintiffs' water supply. Again, taking these factual allegations as true, and considering that Halliburton operated a well near the plaintiffs' property, I **FIND** that the plaintiffs have stated a claim for private nuisance against Halliburton. Accordingly, Halliburton's Motion to Dismiss is **DENIED** with respect to the plaintiffs' private nuisance claim.

### C.    Count Three - Strict Liability

Unlike the other claims in the plaintiffs' Complaint, the strict liability claim specifically names the defendant, Equitable, and fails to assert any claim against Halliburton.

### D.    Count Four - Trespass

Halliburton contends that the plaintiff have failed to allege any specific conduct by Halliburton that could support a trespass claim. The plaintiffs allege that the defendants constructed

wells and drilled near the plaintiffs' property, which "resulted in such physical invasion of their property, and the aquifers underlying their property, that Plaintiff's [sic] have suffered damages to such property."  (Compl. ¶¶ 11, 46.)

Under West Virginia law, a trespass is "an entry on another man's ground without lawful authority, and doing some damage, however inconsiderable, to his real property." *Rhodes*, 657 F. Supp. 2d at 771 (internal quotation marks omitted).  The plaintiffs have alleged that the defendants' conduct, including Halliburton's drilling, resulted in the release of hazardous substances which contaminated their property.  (Compl. ¶ 14). Accordingly, I **FIND** that the  plaintiffs have stated a claim for trespass against Halliburton.  Halliburton's Motion to Dismiss is **DENIED** as to the plaintiffs' trespass claim.

### E.      Count Five - Medical Monitoring

Finally, Halliburton contends that the plaintiffs have failed to allege exposure to any specific substance or chemical that could support a claim for medical monitoring.  Indeed, the plaintiffs' medical monitoring claim generally alleges that as a result of the defendants "negligent acts and/or omissions, Plaintiffs have been exposed to hazardous substances," and that as "a proximate result of their exposure to such hazardous substances, Plaintiffs have a significantly increased risk of contracting a serious latent disease."  (Compl. ¶¶ 48-50.)  Moreover, none of the facts recited elsewhere in the Complaint offer any additional support for this claim.

Courts in West Virginia have "recognized a cause of action for 'the recovery of medical monitoring costs, where it can be proven that such expenses are necessary and reasonably certain to be incurred as a proximate result of the defendant's tortious conduct.'" *Rhodes*, 657 F. Supp. at 773-

-6-

74 (quoting *Bower v. Westinghouse Electric Corp.*, 522 S.E.2d 424, 431 (W. Va. 1999)).  To succeed in a medical monitoring claim:

> a plaintiff must prove that: (1) he or she has, relative to the general population, been significantly exposed; (2) to a proven hazardous substance; (3) through the tortious conduct of the defendant; (4) as a proximate result of the exposure, plaintiff has suffered an increased risk of contracting a serious latent disease; (5) the increased risk of disease makes it reasonably necessary for the plaintiff to undergo periodic diagnostic medical examinations different from what would be prescribed in the absence of exposure; and (6) monitoring procedures exist that make the early detection of a disease possible.

*Rhodes*, 657 F. Supp. 2d 751, 774 (internal quotation marks omitted).  The plaintiff has failed to allege any facts in support of the second, fourth, fifth, or sixth elements of a medical monitoring cause of action.  Accordingly, I **FIND** that the plaintiff has failed to state a claim for medical monitoring against Halliburton.  Halliburton's Motion to Dismiss is **GRANTED** as to the plaintiff's medical monitoring claim.

## IV.  Conclusions

For the foregoing reasons, Halliburton's Motion for Partial Dismissal of the Plaintiff's Complaint [Docket 11] is **GRANTED in part** and **DENIED in part**.  Left remaining against Halliburton are the plaintiffs' claims for negligence (Count One), private nuisance (Count Two), and trespass (Count Four).  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        April 28, 2011

Joseph R. Goodwin, Chief Judge