IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DENNIS HAGY, et al.,

        Plaintiffs,

v.                                                 CIVIL ACTION NO. 2:10-cv-01372

EQUITABLE PRODUCTION CO., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are (1) the Motion by defendant BJ Services Company, USA ("BJ Services") for Partial Judgment on the Pleadings [Docket 50] and the Joinder by defendant Halliburton Energy Services ("Halliburton") in BJ Services Company's Motion for Partial Judgement on the Pleadings [Docket 54], which the court construes as a Motion. For the reasons set forth below, the Motion by Defendant BJ Services is **GRANTED in part and DENIED in part**. The Motion by defendant Halliburton is **GRANTED in part and DENIED in part**.

**I.    Background**

The plaintiffs, Dennis, Tamera, Dustin, and Clark Hagy, allege that the defendants, in the course of drilling and operating four natural gas wells, contaminated the plaintiffs' well water supply. Two of the plaintiffs, Dennis and Tamera Hagy, reside in Jackson County, West Virginia, and the plaintiffs allege that this property is in close proximity to the four natural gas wells. The two remaining plaintiffs, Dustin and Clark Hagy, "did not own or reside at the contaminated property, but regularly consumed the contaminated well water at the property." (Compl. [Docket 1-1] ¶12.)

The plaintiffs allege that these gas wells were owned by the defendant, Equitable Production Company ("Equitable") and operated by Equitable as well as three other defendants. The plaintiffs allege that they notified Equitable of a strange odor and smell in their water in October 2008. According to the Complaint, on November 13, 2008, "an agent of [Equitable] informed the Plaintiff to stop drinking the water from his well." (Compl. ¶ 16.) The plaintiffs further allege that they have been exposed to hazardous chemicals and suffered illness as a result of the defendants' conduct.

On October 26, 2010, the plaintiffs filed suit in the Circuit Court of Jackson County, West Virginia, naming Equitable, Warren Drilling Company ("Warren"), BJ Services, and Halliburton as defendants. The Complaint alleges five causes of action: (1) negligence, (2) private nuisance, (3) strict liability, (4) trespass, and (5) medical monitoring. Counts One, Two, Four, and Five name all four of the defendants and Count Three solely names Equitable. On December 10, 2010, defendant Warren removed the case to this court on the grounds of complete diversity of citizenship between the parties under 28 U.S.C. § 1332. On February 10, 2011, Halliburton moved for partial dismissal of the plaintiffs' Complaint under Rule 12 of the Federal Rules of Civil Procedure. The court granted Halliburton's Motion as to Counts Three and Five of the plaintiffs' Complaint [Docket 30], leaving Counts One, Two, and Four pending against Halliburton and all five counts pending against the other three defendants.

On June 3, 2011, defendant BJ Services filed the instant Motion for Partial Judgment on the Pleadings [Docket 50] under Rule 12(c) of the Federal Rules of Civil Procedure, requesting that this court enter judgment in its favor as to all of the claims raised by plaintiffs Dustin and Clark Hagy. On June 10, 2011, defendant Halliburton moved to join BJ Services' Motion with respect to Counts

Two and Four with respect to plaintiffs Dustin and Clark Hagy [Docket 54]. These Motions are now ripe for review.

## II. Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). As a general rule, "[w]hen considering a defendant's motion for judgment on the pleadings, the court must base its decision solely on information obtained from the pleadings." *John S. Clark Co., Inc. v. United Nat'l Ins. Co.*, 304 F. Supp. 2d 758, 763-64 (M.D. N.C. 2004). Accordingly, "the standards under Federal Rule of Civil Procedure 12(c) for a motion for judgment on the pleadings are identical to those applicable to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss." *Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr. Inc.,* 681 F. Supp. 2d 694, 707 n. 17 (S.D. W. Va. 2009). Rule 12(d), however, provides that "a district court should treat a motion for judgment on the pleadings as a motion for summary judgment where 'matters outside the pleadings are presented to and not excluded by the court.'" *Garner v. Astrue,* No. 10-1743, 2011 WL 2451723, at *1 (4th Cir. June 21, 2011) (quoting Fed. R. Civ. P. 12(d)). In such a case, Rule 12(d) allows that "[a]ll parties must be given reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Thus, the standard for assessing a motion for judgment on the pleadings under Rule 12(c) is identical to the Rule 12(b)(6) standard unless the court decides to consider matters outside the pleadings.

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). As the Supreme Court stated in *Ashcroft v. Iqbal*, Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed

-3-

factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

**III. Analysis**

In its Motion, BJ Services argues first that it is entitled to judgment on the pleadings as to Counts Three and Five for strict liability and medical monitoring, respectively, based on this court's earlier Order dismissing these claims against defendant Halliburton. Second, BJ Services argues that it is entitled to judgment on the pleadings with respect to Counts One, Two, and Four, for negligence, private nuisance, and trespass, respectively, asserted by plaintiffs Dustin and Clark Hagy, because these plaintiffs had no ownership interest in the allegedly contaminated property. BJ Services argues that, because these plaintiffs neither owned nor resided on the property, Counts One, Two, and Four fail as a matter of law. The plaintiffs, who do not oppose dismissal of Counts Three

and Five, argue that they adequately pled facts in their Complaint that could plausibly give rise to negligence, private nuisance, and trespass claims on behalf of Dustin and Clark Hagy.

### A. Counts Three and Five Against Defendant BJ Services

The plaintiffs "do not oppose dismissal of the strict liability [Count Three] and the medical monitoring claims [Count Five]." (Pls.' Resp. BJ Services' Mot. Partial J. Pleadings [Docket 53], at 3.) Accordingly, for the reasons set forth in this court's earlier Memorandum Opinion and Order, defendant BJ Services' Motion is **GRANTED** in part. Counts Three and Five of the plaintiffs' Complaint are hereby **DISMISSED** as to defendant BJ Services.

### B. Count One for Negligence Against Defendant BJ Services on Behalf of Plaintiffs Clark and Dustin Hagy

Under West Virginia law, "[i]t is the general and widely accepted rule that in order to prove actionable negligence there must be shown a duty on the part of the person charged with negligence and a breach of such duty on the part of the person charged with negligence and a breach of such duty." *Atkinson v. Harman*, 158 S.E.2d 169, 173 (W. Va. 1967). "These elements of duty, breach and injury are essential to actionable negligence and in the absence of any of them the action must fall." *Id.* "[I]n order to form the basis for a valid [negligence] cause of action, this duty must be brought home to the particular plaintiff, for a duty owing to everybody can never become the foundation of an action until some individual is placed in position which gives him particular occasion to insist upon its performance." *Robertson v. LeMaster*, 301 S.E.2d 563, 567 (W. Va. 1983) (internal quotation marks omitted). The existence and scope of such a duty is "an issue of law for the court rather than for the jury, to be determined by reference to the body of statutes, rules,

principles, and precedents which make up the law." *Aikens v. Debow*, 541 S.E.2d 576, 581 (W. Va. 2000) (internal quotation marks omitted).

The present inquiry, however, is not whether the defendants actually *owed* plaintiffs Dustin and Clark Hagy a legal duty of care. The inquiry is whether the plaintiffs' Complaint contains sufficient factual matter, accepted as true, to state a plausible claim for relief based, in part, on the existence of a legal duty. Although Dustin and Clark Hagy did not reside on the allegedly contaminated property, they have alleged that the defendants owed them a duty, that the defendants breached this duty by contaminating water that the plaintiffs consumed, and that the defendants' breach caused the plaintiffs, including Dustin and Clark, harm. Moreover, the defendants simply have not provided any legal support for the assertion that the defendants only owed a legal duty to those Hagy family members who lived on the property full time. Accordingly, the court **FINDS** that plaintiffs Dustin and Clark Hagy have stated a claim for negligence upon which relief could be granted.[1] BJ Services' Motion is **DENIED** as to Dustin and Clark Hagy's negligence claims.

C. **Count Two for Private Nuisance Against Defendants BJ Services and Halliburton on Behalf of Plaintiffs Clark and Dustin Hagy**

Under West Virginia law, "[a] private nuisance is "a substantial and unreasonable interference with the private use and enjoyment of another's land." *Rhodes v. E.I. du Pont Nemours and Co.*, 657 F. Supp. 2d 751, 767 (S.D. W. Va. 2009). "Recovery for a private nuisance is limited to plaintiffs who have suffered a significant harm to their property rights or privileges caused by the

---

[1] Even if I were to consider "matters outside the pleadings," i.e., the plaintiffs' assertion that Dustin and Clark Hagy regularly visited the property and even resided there temporarily while the defendants conducted drilling operations, I would find that there are genuinely disputed material facts as to the existence of a legal duty owed to Dustin and Clark Hagy.

interference." *Hendricks v. Stalnaker,* 380 S.E.2d 198, 201 (W. Va. 1989). The Restatement (Second) of Torts explicitly limits liability for private nuisance to "those who have property rights and privileges in respect to the use and enjoyment of the land affected." Restatement (Second) of Torts § 821E (1979). Comment d to section 821E states that "occupancy is a sufficient interest in itself to permit recovery for invasions of the interest in the use and enjoyment of the land." Restatement (Second) of Torts § 821E cmt. d (1979). Accordingly, "members of the family of the possessor of a dwelling who occupy it along with him may properly be regarded as sharing occupancy with intent to control the land and hence as possessors, [. . .] When there is interference with their use and enjoyment of the dwelling they can therefore maintain an action for private nuisance." *Id.*

It is undisputed that plaintiffs Dustin and Clark Hagy do not have "property rights" in the land affected, however, the plaintiffs have asserted that Dustin and Clark "regularly consumed well water at the property." (Compl. ¶12.) Moreover, the court has considered the entire record as to their nuisance claims, pursuant to Rule 12(d), and believes that there are disputed issues of material fact as to whether Dustin and Clark Hagy visited their parents' home or resided there during the time period in question and thus had a privilege to use and enjoy the land affected. Accordingly, the Motions for judgment on the pleadings are **DENIED** as to Dustin and Clark Hagy's private nuisance claims.

> **D.** **Count Four for Trespass Against Defendants BJ Services and Halliburton on Behalf of Plaintiffs Clark and Dustin Hagy**

In contrast, a plaintiff seeking to recover for trespass under West Virginia law must have an actual legal interest in the land affected. "We recognize that the gist of trespass is injury to possession." *Belcher v.* Greer, 382 S.E.2d 33, 35 n.1 (W. Va. 1989). "To sustain an action for trespass, the plaintiff must have either actual physical possession or constructive possession, usually through holding legal title." *Id.*; *see* Restatement (Second) of Torts §157 (1979) (discussing the "possession" required to maintain an action for trespass).

As previously discussed, neither Dustin nor Clark Hagy held legal title to the allegedly contaminated land and the Complaint does not contain any facts that would support a claim of legal possession of the land. Accordingly, the court **FINDS** that plaintiffs Dustin and Clark Hagy have failed to state a claim for trespass upon which relief could be granted. The Motions for judgment on the pleadings are **GRANTED** as to Dustin and Clark Hagy's trespass claims.

### IV. Conclusions

For the foregoing reasons, the Motion by defendant BJ Services Company, USA ("BJ Services") for Partial Judgement on the Pleadings [Docket 50], is **GRANTED in part and DENIED in part**. The Motion for Joinder by defendant Halliburton Energy Services in BJ Services Company's Motion for Partial Judgement on the Pleadings [Docket 54], is **GRANTED in part and DENIED in part**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 22, 2011

Joseph R. Goodwin, Chief Judge