# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

DENNIS HAGY, et al.,

              Plaintiffs,

v.                                           CIVIL ACTION NO.   2:10-cv-01372

EQUITABLE PRODUCTION CO., et al.,

              Defendants.

# MEMORANDUM OPINION AND ORDER

Pending before the court are the defendant Halliburton Energy Services, Inc.'s Motion to Strike Plaintiffs' Expert Witnesses [Docket 88], and the defendant BJ Services Company, USA Motion for Entry of a Lone Pine Management Order [Docket 93].

### A. Background

This suit arises from allegations by the plaintiffs that the defendants contaminated their home water supply by drilling four natural gas wells near the plaintiffs' property in Jackson County, West Virginia. The plaintiffs allege that these gas wells were owned by the defendant, Equitable Production Company ("Equitable") and operated by Equitable as well as three other defendants, including Halliburton, which operated one of the wells at issue. The plaintiffs allege that they notified Equitable of a strange odor and smell in their water in October 2008. On November 13, 2008, "an agent of [Equitable] informed the Plaintiff to stop drinking the water from his well." (Compl. [Docket 1-1] ¶ 16.) The plaintiffs further allege that they have been exposed to hazardous chemicals and suffered illness as a result of the defendants' conduct.

On October 26, 2010, the plaintiffs filed suit in the Circuit Court of Jackson County, West Virginia, naming Equitable, Warren Drilling Company, BJ Services Company, USA, and Halliburton as defendants.  On December 10, 2010, the defendant Warren removed the case to this court pursuant to 28 U.S.C. § 1332.

**B.  Motion to Strike Plaintiffs' Expert Witnesses**

The defendant has filed the instant motion seeking to strike the plaintiffs' expert witnesses on the basis that the plaintiff failed to comply with Federal Rule of Civil Procedure 26 and this court's Scheduling Order.  Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  FED. R. CIV. P. 26(a)(2)(A).   The rule further provides:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or date considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

      (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B).

  In this case, the plaintiffs' expert disclosures were due no later than January 5, 2012. On that date, the plaintiffs filed a document entitled "Plaintiffs' Expert Disclosures." This document was a brief, two-page list of the witnesses the plaintiff intended to call and the general subject matter on which they would testify. For example: "Dr. Scott Simonton: Dr. Simonton holds a Ph.D. in environmental engineering. He is currently employed as professor by Marshall University. He is expected to testify in the fields of environmental engineering and hydrology." (Pls.' Expert Disclosures [Docket 86] ¶ 1). The plaintiffs have not disputed that these disclosures fail to comply with the requirements of Rule 26.

  The defendants seek to have the plaintiffs' experts excluded under Federal Rule of Civil Procedure 37(c)(1), which provides in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, *unless the failure was substantially justified or is harmless*.

FED. R. CIV. P. 37(c)(1) (emphasis added). A district court has "broad discretion to determine whether a disclosure of evidence is substantially justified or harmless." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). In making such a determination, courts in the Fourth Circuit are instructed to balance the following factors:

    (1) the surprise to the party against whom the evidence would be offered;
    (2) the ability of that party to cure the surprise;
    (3) the extent to which allowing the evidence would disrupt the trial;
    (4) the importance of the evidence; and

- 3 -

>   (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* at 597.

The first factor before the court is the surprise to defendants. In this case, the plaintiffs provided the defendants with a very basic list that failed to include several of the items required by Rule 26(a). This list failed to provide the defendants with anything more than a very minimal amount of notice of the evidence the plaintiffs intend to present and was insufficient to comply with Rule 26. Thus, this factor weighs slightly in favor of excluding the witnesses.

The next factor is the defendants' ability to cure the surprise. While the plaintiffs failed to provide the required disclosures by the deadline in the scheduling order, the plaintiffs have since supplemented their expert witness list with additional disclosures. These disclosures were not provided until over a month after the deadline required by the Scheduling Order; however, they were still provided over three months prior to the trial date. Based on these facts, I find that while there was some surprise to the defendants resulting from the plaintiffs' failure, there is ample time for the defendants to cure that surprise prior to the May 15, 2012 trial date. This factor therefore does not support excluding the expert witnesses.

The next factor to consider is the extent to which allowing the disputed evidence would disrupt the trial. At the time the February 6, 2012 disclosures were made, there was still ample time for the defendants to depose the plaintiffs' experts and prepare for trial. The court therefore finds that permitting the evidence would not disrupt the trial in this case.

The next factor is the importance of the disputed evidence. The defendants seek to exclude all of the plaintiffs' expert witnesses. The plaintiffs' claims are based on alleged environmental contamination and resulting medical harm. Claims of this nature almost certainly

require expert testimony. This evidence, therefore, is crucial to the plaintiffs' ability to be heard on the merits of their case. This factor therefore weighs against exclusion.

The final factor to consider is the plaintiffs' explanation for their failure to disclose the evidence by the deadline in the Scheduling Order. The plaintiffs maintain that they relied on the Pacer docket entry, which referred to "expert witness list" instead of "expert disclosures." The text of the actual order, however, specifically required that the plaintiffs' "expert disclosures" were due by January 5, 2012. Thus, the plaintiffs' explanation for their failure to provide the required disclosures by the deadline is their own failure to read the Scheduling Order issued by the court. The court does not believe that this explanation is sufficient to find that the failure was "substantially justified" under Rule 37. Therefore, this factor weighs in favor of excluding the plaintiffs' expert witnesses.

Having considered the factors set forth by the Fourth Circuit, I **FIND** that while the plaintiffs' failure to comply with the Scheduling Order was not substantially justified, the failure was harmless under Rule 37(c). The plaintiffs have since provided their expert disclosures and ample time remains for the defendants to cure any surprise resulting from the delay. For these reasons, the defendants' Motion to Strike [Docket 88] is hereby **DENIED**. Plaintiffs' counsel is put on notice that any further failure to comply with this court's orders, including the scheduling order, will not be tolerated and will result in the imposition of sanctions.

### C. Motion for Entry of a Lone Pine Case Management Order

The defendants have requested that the court enter a *Lone Pine* Case Management Order. A *Lone Pine* order is designed to assist in the management of complex issues and potential burdens on defendants and the court in mass tort litigation, essentially requiring plaintiffs to produce a

measure of evidence to support their claims at the outset. The concept originated from the unpublished decision of a New Jersey state court issuing a case management order in *Lore v. Lone Pine Corp.,* 1986 WL 637507 (Nov. 18, 1986). The plaintiffs in that case had sued over 400 defendants. The named defendant was alleged to have operated a landfill, and the remaining defendants were alleged to be generators and haulers of toxic materials. The plaintiffs alleged that the defendants had caused them to suffer toxic tort exposure injuries and reduced property values. The case management order required the plaintiffs to offer specific proof regarding their alleged exposure, reports of physicians regarding causation, and specific information substantiating each claim of property damage. Plaintiffs could not satisfy the burden imposed by the order, and the case was eventually dismissed. *Id.*

No federal rule or statute requires, or even explicitly authorizes, the entry of *Lone Pine* orders. Courts citing authority for this type of extraordinary procedure typically rely upon the broad permission bestowed by Federal Rule of Civil Procedure 16. *See e.g.*, *Acuna v. Brown & Root Inc.,* 200 F.3d, 335 340 (5th Cir. 2000) ("In the federal courts, such orders are issued under the wide discretion afforded district judges over the management of discovery under Fed. R. Civ. P. 16.").

While *Lone Pine* orders have proven useful at times in complex litigation, this court has previously explained that "[g]iven a choice between a '*Lone Pine* order' created under the court's inherent case management authority and available procedural devices such as summary judgment, motions to dismiss, motions for sanctions and similar rules, I believe it more prudent to yield to the consistency and safeguards of the mandated rules." *In re Digitek Product Liability Litigation*, 264 F.R.D. 249, 259 (S.D. W. Va. 2010). In this case, the defendants' "[c]laims of efficiency,

elimination of frivolous claims and fairness [may] effectively [be] addressed using the existing and standard means." *Id.* Therefore, I do not believe that entry of a *Lone Pine* order would be appropriate. The defendants' Motion for Entry of a *Lone Pine* Order is hereby **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 5, 2012

Joseph R. Goodwin, Chief Judge