## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

DENNIS HAGY, et al.,

        Plaintiffs,

v.                                              CIVIL ACTION NO.   2:10-cv-01372

EQUITABLE PRODUCTION CO., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant, Halliburton Energy Services, Inc.'s Motion for Summary Judgment [Docket 190]. The plaintiffs in this case have engaged in a pattern of disregard for court orders and deadlines, including those required by the Scheduling Order. With respect to this defendant, the plaintiffs failed to file any response to the motion for summary judgment, and offered not a scintilla of evidence in support of their remaining claims against Halliburton Energy Services, Inc. Summary judgment is therefore **GRANTED**.

**I.     Background**

This case arises from allegations by the plaintiffs, Dennis and Tamera Hagy, that the defendants contaminated their well water supply. The Hagys previously resided in Jackson County, West Virginia, in close proximity to natural gas wells owned by Equitable Production Company ("EQT"). The plaintiffs allege that their water was contaminated by the defendants and that, as a result, they have been exposed to hazardous chemicals and suffered illness.

On October 26, 2010, the plaintiffs filed suit in the Circuit Court of Jackson County, West Virginia. The complaint named EQT, Warren Drilling Company ("Warren"), BJ Services, and Halliburton Energy Services ("Halliburton") as defendants. The complaint alleged five causes of action: (1) negligence, (2) private nuisance, (3) strict liability, (4) trespass, and (5) medical monitoring. On December 10, 2010, defendant Warren removed the case to this court on the grounds of complete diversity of the parties pursuant to 28 U.S.C. § 1332.

On February 10, 2011, Halliburton moved for partial dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure. The court granted Halliburton's motion with respect to Counts Three and Five, leaving Counts One, Two, and Four pending against Halliburton. All five counts against the other defendants remained pending.

On June 3, 2011, defendant BJ Services filed a Motion for Partial Judgment on the Pleadings [Docket 50] under Rule 12(c) of the Federal Rules of Civil Procedure. The court granted the motion in part, and dismissed the plaintiffs' strict liability, medical monitoring, and trespass claims against BJ Services. The court denied the motion with respect to the negligence and private nuisance claims against BJ Services. (Mem. Op. & Order [Docket 66]).

On March 26, 2012, the plaintiffs filed a Rule 41 Motion to voluntarily dismiss the claims of Clark Hagy and Dustin Hagy. Therefore, at this time, the following claims against Halliburton remain pending: Dennis and Tamera Hagy's claims for negligence, private nuisance, and trespass. On March 19, 2012, Halliburton filed the instant motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. No response to this motion has been filed. The time for filing a response has now passed. This motion is ripe for review.

**II.     Standard of Review**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989).

**III.   Discussion**

At this point in the proceeding, there are three remaining claims against Halliburton: negligence, private nuisance, and trespass. The court now considers each in turn.

### a. Count One: Negligence

Under West Virginia law, "[t]o prevail in a negligence suit, the plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff." *Strahin v. Cleavenger*, 603 S.E.2d 197, 205 (W. Va. 2004). In this case, the plaintiffs allege that all of the defendants, including Halliburton, conducted drilling operations on a well in close proximity to their property. The plaintiffs further allege that all of the defendants, including Halliburton contributed to the release of hazardous substances which contaminated their property. (Compl. ¶¶ 21-35).

Halliburton acknowledges that it performed work on the Hagy property on two occasions. (Mem. Law in Supp. Halliburton Energy Services Inc.'s Mot. Summ. J [Docket 192], at 5). On both occasions, Halliburton worked on a single well, well #511258. (*Id.*) The first occasion was on January 17, 2008. (*Id.*) Halliburton remained on site for approximately twenty-eight hours, but ultimately was unable to perform the work for which it was called to the site. (*Id.*) Eventually, Halliburton performed a "miscellaneous pump job" at the direction of EQT, circulating gelled fluids down the well hole in order to help free stuck pipe. (*Id.*) The pipe was not owned or operated by Halliburton. (*Id.* at 5-6). The second occasion that Halliburton worked on the Hagy property was February 8, 2008. (*Id.*) On this occasion, Halliburton also performed a "miscellaneous pump job," which involved pumping treated water and nitrogen to set a packer on the same well. (*Id.*) No problems arose with this procedure. (*Id.*)

Halliburton asserts that it did not fracture or cement the walls of any of the wells. (*Id.*) Rather, all of the work performed by Halliburton occurred prior to the fracturing operations. (*Id.*

at 6). The actual fracturing operations were allegedly performed by BJ Services. (*Id.*) Halliburton asserts that both of these statements are undisputed. (Mem. Law in Support of Halliburton Energy Services Inc.'s Mot. for Summ. J. [Docket 192], at 12). Additionally, Halliburton has provided job logs to support its assertions. (Job Logs, Ex. G [Docket 192-2]).

Also in support of its motion for summary judgment, Halliburton has provided the expert report of Daniel Reinke, a professional licensed engineer with experience in oil and gas operations. (Expert Report of Daniel Reinke, Ex. F [Docket 190-2]). Mr. Reinke's report explains that service companies such as Haliburton are often hired to assist an operating company whose primary business is the production and sale of crude oil and natural gas. (*Id.*) He stated that companies such as Halliburton often perform cementing services, stimulation services, and miscellaneous pumping. (*Id.*) Mr. Reinke explained that the well operator (in this case, EQT), directs the procedures performed by the services companies. (*Id.*) Mr. Reinke opined that procedures such as cementing and circulating the hole do not result in fluid escaping the wellbore. (*Id.*) Mr. Reinke has reviewed Halliburton's reports and states that there is no reference to any spill on the Hagy's property which might have contributed to the alleged pollution. (*Id.* at 3). Based on his review of the relevant documents, Mr. Reinke's report opines that Haliburton's services on the Hagy property were performed prudently. (*Id.*) The report explains that Halliburton did not perform any services without the direction of the operator, which is the industry practice and custom. (*Id.*) The plaintiffs have not offered any evidence or testimony to counter Mr. Reinke's report.

Based on this, Halliburton asserts that the plaintiffs have not provided any evidence of breach or causation. Both of these are essential elements of a negligence case. The plaintiff has

not provided any information or testimony to counter Halliburton's assertions. Moreover, in their depositions, both plaintiffs admit that they do not know specifically what act Halliburton performed on their property. (Dep. of Dennis Hagy, Ex. A [Docket 190-2], at 385-86; Dep. Tamera Hagy, Ex. B [Docket 190-2], at 228).

The plaintiffs have not identified any wrongful act which Halliburton is alleged to have performed, nor have they identified any precautions Halliburton failed to take. They have not provided any evidence to show that any action or lack of action attributable to Halliburton amounted to a breach of a legal duty. Furthermore, they have provided no evidence to support their allegations that any action or inaction by Halliburton was the cause of their illnesses. The plaintiffs have not provided more than a scintilla of evidence to support their negligence claim. *See Anderson*, 477 U.S. at 252 (requiring that, on a motion for summary judgment, the nonmoving party must satisfy its burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position). Accordingly, there is no genuine issue of material fact. The court **GRANTS** summary judgment for the defendant Halliburton on Count One of the plaintiff's complaint.

### b. Count Two: Private Nuisance

Next, the complaint asserts that all defendants, including Halliburton, caused a substantial and unreasonable interference with their right to use and enjoy their property "by allowing the spills and releases and/or the threats of spills and releases, of hazardous chemicals and allowing the spills and releases to continue to spread to surrounding areas, including [the plaintiffs'] properties and drinking water supplies." (Compl. ¶¶ 36-40).

"A private nuisance is a substantial and unreasonable interference with the private use and enjoyment of another's land." *Rhodes v. E.I. DuPont de Nemours and Co.*, 657 F.Supp.2d 751, 767 (S.D. W. Va. 2009) (internal quotation marks omitted). "In West Virginia, conduct causing water pollution constitutes a private nuisance when the pollution interferes with the rights of landowners whose land abuts the polluted water." *Id.* The plaintiffs have alleged that the defendants' conduct polluted the plaintiffs' water supply. (Compl. ¶¶ 36-40). On the other hand, Halliburton asserts that there is no evidence that its actions could have contaminated the Hagy water supply, or that it undertook any action that could have substantially and unreasonably interfered with their use of the property. (Mem. Law Supp. Halliburton Energy Services Inc.'s Mot. for Summ. J. [Docket 192], at 15).

As discussed above, the plaintiffs have not identified any wrongful action or inaction that is attributable to Halliburton. They have not provided any evidence that Halliburton contributed in any way to a spill or release of hazardous chemicals onto their property or into their drinking water. In fact, they have not even provided evidence that such a spill or release actually occurred. Accordingly, the court **FINDS** that the plaintiffs have not offered more than a mere scintilla of evidence to support their private nuisance claim. Halliburton's motion for summary judgment is hereby **GRANTED** with respect to Count Two of the plaintiff's complaint.

### c. Count Three: Trespass

Finally, the plaintiffs have brought a claim against Halliburton for trespass. Under West Virginia law, trespass is "an entry on another man's grounds without lawful authority, and doing some damage, however inconsiderable, to his real property." *Rhodes*, 657 F. Supp. 2d at 771 (internal quotation marks omitted). The complaint alleges that all the defendants, including

Halliburton, constructed wells and drilled near the plaintiffs' property, which "resulted in such physical invasion of their property, and the aquifers underlying their property, that [the plaintiffs] suffered damages to such property." (Compl. ¶¶ 11, 46).

Halliburton performed work on the site pursuant to EQT's legal mineral rights, which allow EQT to drill for natural gas on the property. The plaintiffs have not provided any evidence to support their assertion that Halliburton wrongfully caused a physical invasion of their property or the aquifers underlying their property. Based on these facts and on the absence of any evidence provided by the plaintiffs to the contrary, the court **FINDS** that there is no genuine issue of material fact with regard to whether Halliburton wrongfully caused a physical invasion of the plaintiffs' property. Accordingly, the court **GRANTS** Halliburton's motion for summary judgment with respect to the trespass claim.

### IV. Conclusion

The plaintiffs have not offered any argument or evidence in support of their claims against Halliburton. The plaintiffs did not even file a response to Halliburton's motion for summary judgment. Based on these facts and the complete absence of evidence in support of the plaintiffs' claims against Halliburton, Halliburton's motion for summary judgment is **GRANTED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      May 17, 2012

                              Joseph R. Goodwin, Chief Judge